983 F.2d 298
 299 U.S.App.D.C. 273
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Lori Ann McGEE, Appellant.
UNITED STATES of America, Appellee,
v.
Peter O'Neal BROWN, Appellant.
 Nos. 91-3250, 91-3251.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 31, 1992.
 
 Before MIKVA, Chief Judge, and SILBERMAN and KAREN LeCRAFT HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These cases were heard on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED that the judgments from which these appeals have been taken be affirmed. The district court did not abuse its discretion when it denied McGee's motion to sever the trial because there was no great disparity in evidence between the two appellants. See United States v. Taranrino, 846 F.2d 1384, 1399-99 (D.C.Cir.), cert. denied, 488 U.S. 867 (1988). The district court's decision, pursuant to Fed.R.Evid. 404(b), to admit evidence of Brown's actual possession of drugs of similar quantity and packaging four months earlier at a location three blocks away and at an almost identical hour is relevant to show knowledge, intent and lack of mistake to prove his constructive possession in the present case. This decision did not constitute "grave abuse" because the probative value was not substantially outweighed by the danger of unfair prejudice. United States v. Manner, 887 F.2d 317, 322 (D.C.Cir.1989), cert. denied, 493 U.S. 1062 (1990); Fed.R.Evid. 403. Brown's other claims are meritless.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).